1501 UNDERCLIFF AVENUE CORPORATION et al., Plaintiffs, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.

Supreme Court, Special Term, Bronx County, May 1, 1948.

*Demov, Callahan & Morris* for plaintiffs.

*Le Boeuf & Lamb* for defendant.

EDER, J. This motion comprises three branches: (1) for an order striking out certain allegations of the complaint and to deem the complaint to be thereupon amended; (2) for judgment dismissing the complaint for failure to state facts sufficient to constitute a cause of action; (3) or in the alternative, for an order dropping Maywill Operating Corporation as a party plaintiff.

The first branch of the motion is consented to. The third branch of the motion becomes academic in view of the conclusion of the court that the complaint fails to set forth a cause of action.

As amended, with the prejudicial matter stricken out, the plaintiffs' claim in each cause of action is that the Northern Union Gas Company (defendant's predecessor) agreed to " continue free labor service " with respect to certain refrigerators ordered by plaintiff 1501 Undercliff Avenue Corporation from defendant's predecessor. The basis of each of plaintiffs' causes of action is the following guarantee provision in the written order of March 22, 1929, Exhibit A, annexed to the complaint, which reads as follows: " The refrigerators are guaranteed for a period of one year after delivery *and thereafter free labor service is continued.*" (Italics mine.)

This clause, in my opinion, does not constitute an enforcible contract; it is indefinite and incomplete; the nature and extent of the " free labor service " is nowhere defined and no period is

specified during which " free labor service " is to be " contin-ued ". The rule is clearly set forth in *Varney* v. *Ditmars* (217 N. Y. 223, 228). "It is elementary in the law that, for the validity of a contract, the promise, or the agreement, of the parties to it must be certain and explicit and that their full intention may be ascertained to a reasonable degree of certainty. Their agree-ment must be neither vague nor indefinite, and, if thus defective, parol proof cannot be resorted to."

Fundamental gaps are left unfilled; whether this be inten-tional or from inadvertence, the result is the same; the so-called contract in respect of those features is left in the realm of con-jecture, indefiniteness and uncertainty. There is no escape, in my opinion, from the fact that these are essential features to constitute a valid contract. They are absent here, and it is my view that they may not be supplied by parol proof. The contract is therefore void for uncertainty.

The motion to dismiss is granted and since the deficiency in the writing may not be supplied by parol proof, I see no reason to grant leave to serve an amended complaint. Settle order.