YANKEE REALTY CORPORATION, Plaintiff, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.

Municipal Court of the City of New York, Borough of The Bronx, June 2, 1949.

*Robert Stillman* for plaintiff.

*LeBoeuf & Lamb* for defendant.

QUINN, J. Defendant moving for judgment on the pleadings for failure of the complaint to state a cause of action, asserts a want of definiteness in the terms of the contract upon which plaintiff relies and urges that the terms are so uncertain and vague as to render merely conjectural the full intention of the parties. Citing the case of *1501 Undercliff Ave. Corp.* v. *Consolidated Edison Co.* (193 Misc. 43, affd. 274 App. Div. 1049) where a contract of somewhat similar purport was held to be invalid and unenforcible because of the vagueness and uncertainty of its terms, the defendant contends that the contract in the case at bar is so similar in wording as to warrant the same finding. A comparison of the language of the two contracts does not appear to support the defendant's contention. In the *1501 Undercliff Ave. Corp* case (*supra*) the fatal clause recites merely that " The refrigerators are guaranteed for a period of one year after delivery and thereafter free labor service is continued." Obviously the term " free labor service " is unenlightened by any limiting or definitive phrase indicating with reasonable certainty the nature or extent of the " free labor

service '' or the period of its duration. In the instant case however, the clause under attack states that the seller of the refrigerators '' guarantees for a period of one year to repair or replace parts free, after, which time free labor service will be continued for the life of the equipment. The company also guarantees to furnish any replacement part at the net cost of the part to the Company ''. In this latter clause the term '' free labor service '', when read in its proper relation to the preceding phrase '' to repair or replace parts '' and the succeeding phrase '' for the life of the equipment '', is not so starkly devoid of definition and limitation as to make the intention of the parties unascertainable within the realm of reasonable certainty.

The seller, as an inducement to the purchase of its refrigerators, knowingly and willingly undertook by a contract of its own devising the onerous, but none the less binding and definite task of supplying, free, the labor service involved in the repair and replacement of worn-out or broken refrigerator parts for a period of time to be measured in terms of the reasonable efficient utility of each refrigerator. This appears to be the express intention of the parties, readily to be gleaned from the plain language of the contract. That these refrigerators with proper and constant care and repair might endure, like Oliver Wendell Holmes' '' Wonderful One-hoss Shay '', for a great many years was well within the contemplation of the seller at the time it made the contract. But the date of the final and complete obsolescence of the refrigerators from age and use must some day occur just as surely as the final disintegration of '' The Wonderful One-hoss Shay '', though long delayed, eventually took place. It would seem that the '' lifetime '' of a mechanical device is a determinable period of time that may be used as a measure of duration without resulting in such vagueness and uncertainty as to render unenforcible rights and duties thereby fixed.

In a prior action between these same parties for previously accrued damages arising out of defendant's breach of this same clause of this same contract, Mr. Justice DONOGHUE, of this court, construed this clause and in a written opinion found it in every respect definite and certain, binding and enforcible. (*Yankee Realty Corp.* v. *Consolidated Edison Co.*, Mun. Ct. Borough of The Bronx, 2d Dist., December 26, 1947.) From a judgment in favor of the plaintiff in that case no appeal was taken.

The motion of the defendant for a dismissal of the complaint and judgment on the pleadings is denied.